## L. B. MARUS, et al. v. ALBERT J. SUZORE, et al.

Western Section.    May 11, 1928.

Petition for Certiorari denied by Supreme Court, June 30, 1928.

L. E. Hammons, of Memphis, for appellant.
Chandler, Sheppard & Owen, of Memphis, for appellee.

SENTER, J.  In 1926 the defendant, Albert J. Suzore, being the owner of a certain lot in the City of Memphis, erected a moving picture theater thereon.  The complainants contracted with the owner to do the tile work in the foyer and in front gable end of building.  The architect who designed the building also provided the specifications for all the work and materials used in the building, including the tile work which the owner, Suzore, contracted directly to Marus.  Complainants under the contract were to furnish first class materials and to perform the work in a first class and skillful manner.  The contract price for the completion of the tile work was $591.  Upon the completion of the tile work by complainant, demand was made upon defendant Suzore for the payment of the contract price.  Suzore refused to pay for the work, claiming that it had

not been done according to the contract, and that first class materials had not been used nor had the work been done in a first class manner. It was insisted by Suzore that the tile border in the foyer, in the front and rear, do not match in either material nor workmanship. The Chancellor in his finding of facts states that: "The proof fails to establish that the material does not match. As to the design in the border, it does appear that there exists some slight variation. The proof shows that the spacing of these designs working from both ends, as is customary where a figure pattern is used, often brings about a difference in the size of the middle design. Three-quarters of an inch is customarily allowable in variation of the center design. I can find no substantial fault with the border running around the foyer, except that portion around the ticket booth on the right side thereof. There the variation in one of the figures is material, and is larger than the corresponding figure on the left side of the booth. Mr. Hanker, architect for Suzore, objected to this defective figure and complainants promised to correct same. L. B. Marus says he made the correction, but this is denied by Suzore and the photograph corroborates him in his denial. In my judgment this photograph greatly magnifies and distorts this figure and causes it to look many times the size it really is. J. B. Sturgis, general contractor for a portion of this building, estimates the cost for changing the border around the ticket booth at $40."

The complainant filed the original bill seeking a recovery for the contract price, plus interest thereon from the date of the alleged completion of the contract; and also to have declared a furnisher's and mechanic's lien on the property. Other parties were made defendants, but for purposes not necessary to consider on this appeal. The defendant, Suzore, answered the bill and in the answer denied that complainant complied with the specifications, and denied that the work was completed according to specifications, and denied that complainant was entitled to recover anything because the contract had not been completed according to its terms and provisions. The answer set up that the tile and marble work was defective in construction, and that first class materials had not been used and first class workmanship had not been employed by complainant, and denied any liability until the work had been completed in a first class way and manner. At the hearing of the cause the defendant Suzore was permitted to amend the answer as follows: "So as to further pray that if the court should find that the complainants have completed their work under contract with this defendant, but that said work was done in a defective manner, then that this defendant have and recover of complainants as set off and recoupment against complainant's claim, such amount as the proof shows it will cost to remedy said defective work."

Upon the hearing of the cause the Chancellor held and so decreed that defendant Suzore was owing to complainants on said contract the contract price of $591, the amount sued for, less $40 damages sustained by the defendant Suzore, on account of the defective manner of making the border around the ticket booth, leaving the net judgment in favor of complainant and against the defendant Suzore in the sum of $551, with interest computed as follows, and as set forth in the decree: "It appearing that the defendant offered to pay complainants the amount of the contract less $110, or $481 on or about December 30, 1926, interest will be awarded on the sum of $481 so admitted to have been then due from that date up until now, which amount of interest is $28.86. This added to the $591 amounts to $619.86, deducting from which amount the $40 damages leaves $579.86 for which a judgment against the said defendant is granted, together with all the costs of this cause."

From this decree the defendant Suzore has appealed to this court and has assigned errors. These several errors assigned will not be considered separately, but we will dispose of the questions made collectively.

The first question made by the assignments is to the effect that the Chancellor erred in holding that the complainant did a first class job and furnished first class materials and had complied with the contract. This assignment of error cannot be sustained for the reason that the Chancellor held that all of the work was completed substantially in accordance with the contract, except the border around the ticket box. This will be referred to later. It is next insisted that the Chancellor erred in not dismissing complainants' bill because the suit was prematurely brought. This assignment of error seems to be based upon the theory that since the Chancellor found that there were some defects in the work that complainant could not maintain the suit until all defects had been corrected and the entire job completed in compliance with the specifications. This assignment of error ignores the amendment offered at the hearing of the trial by the defendant, to his answer. By the amendment the defendant specifically prayed that in the event the Chancellor should hold that the work had been completed, but defectively completed, that defendant be permitted to recoup in damages such amount as would be necessary to make the job first class. The Chancellor found that the contract had been fully completed, and the only defect was with reference to the tile around the ticket box, which the proof showed would cost $40 to cure the defect, and allowed the defendant $40 as damages, under his plea of recoupment for said defect.

We fully concur in the facts as found by the Chancellor, and applying the facts of the case to the pleadings, we find no error in the decree of the Chancellor.

It results that all assignments of error are overruled and the decree of the Chancellor is affirmed and the cause remanded for the carrying out of the decree. Appellant and surety on the appeal bond will pay the costs of this appeal.

Owen and Heiskell, JJ., concur.